SUMMARY MEMORANDUM OPINION; DO NOT PUBLISH

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL BOYD,** | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 11-cv-452 (RLW) |
| **SECURITAS SERVICES, INC.,** | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff Michael Boyd brings this complaint against Securitas Services, Incorporated for Wrongful Termination (Count I) and Breach of Contract (Count II) pursuant to District of Columbia law. (Doc. 16-1; *see* Doc. 9.) Presently before the Court is Defendant's motion to dismiss or, in the alternative, motion for summary judgement. (Doc. 6.) For the reasons spelled out below, Defendant's motion shall be granted.

Prior to his separation of employment, Boyd was employed as a Captain of Security detailed to protect students attending school in the District of Columbia. During his tenure, Boyd complained to Securitas management about working conditions, low pay and safety issues. After an altercation involving a school visitor who injured another Securitas employee, Boyd complained about Securitas' treatment of the employee who was injured in the incident.

According to Boyd, Securitas responded by stripping him of his authority and regulating him to nominal duties.

In response to Defendant's motion to dismiss or for summary judgment, Plaintiff fails to dispute any of the material facts spelled out by defendant in its motion.

## ANALYSIS

> "Wrongful discharge" in the District of Columbia has three distinct usages. In one, wrongful discharge is identical to breach of contract; discharge is wrongful if it violates contractual provisions. *See Nickens v. Labor Agency of Metro. Wash*., 600 A. 2d 813, 817 (D.C.1991). In another, discharge is wrongful because it violates a statute. *See Freas v. Archer Servs*., 716 A.2d 998, 1000-01 (D.C.1998); *Thigpen v. Greenpeace, Inc*., Civ. A. No. 93-7587, 1993 WL 762109 (D.C.Super.Sept.14, 1993). Finally, wrongful discharge may refer to the fact that an "employer engages in tortious conduct when it fires an at-will employee for that employee's refusal to break the law at the employer's direction." *See Adams v. George W. Cochran & Co., Inc*., 597 A.2d 28, 30 (D.C.1991); *see also Freas*, 716 A.2d at 1000.

*Davis v. Gables Residential/H.G. Smithy*, 525 F. Supp. 2d 87, 101 (D.D.C. 2007). The wrongful discharge tort also extends to an employer's termination of an employee who is discharged in violation of public policy. *Fingerhut v. Children's Nat'l Med. Ctr*., 738 A.2d 799, 806 - 7 (D.C. 1999). This public policy exception to the at-will employment doctrine is a very "narrow" exception. *Id*. at 803. A majority of judges on the D.C. Court of Appeals have explained that the courts should consider only those cases involving

> a clear mandate of public policy- i.e., those that make a clear showing, based on some identifiable policy that has been "officially declared" in a statute or municipal regulation, or in the Constitution, that a new exception is needed. Furthermore, there must be a close fit between the policy thus declared and the conduct at issue in the allegedly wrongful termination.

*Carl v. Children's Hosp*., 702 A.2d 159, 164, 166 (D.C. 1997) (footnotes omitted).

In the instant case, Plaintiff has failed to plead any facts which might indicate that his separation from employment constituted a breach of contract. Indeed, the employment documents he signed clearly indicate Plaintiff's employment was at-will:

> I understand and agree that nothing in the Handbook creates or is intended to create a promise or representation of continued employment and that employment at Securitas is employment at will. Employment may be terminated at the will of either the Company or myself, with or without cause.

(Def. Ex. B.)

More importantly, in his brief, Plaintiff does not dispute or even address Defendant's argument that he voluntarily resigned from his position because he disagreed with certain management practices. Indeed, the record contains Plaintiff's resignation letter, in which he cites "lack of team work and unacceptable work ethic shown by" his supervisors as the reason he had "no other choice but to put in [his] two weeks resignation." (Def.'s Ex. A.) Furthermore, none of the evidence proffered by Plaintiff establishes that he was terminated in violation of a public policy. Given this evidence, Plaintiff has failed to create a genuine issue of material fact regarding the reasons for his separation from employment. Accordingly, Defendant is entitled to summary judgment on both of Plaintiff's claims.[1]

**CONCLUSION**

For the reasons spelled out above, by separate order, Defendant's motion shall be granted

---

[1] Because this Court relied on documents outside of the pleadings, the Defendant's motion is being treated as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).

and this action dismissed, with prejudice.

SO ORDERED.
August 16th, 2011

/s/
_____
Robert L. Wilkins
United States District Judge